No. 3725.—VALERY LEDOUX v. JEROME J. DUCOTE.

The act of the General Assembly authorizing the parish judges to grant orders of seizure and sale, in the absence of the district judge, is constitutional.

An order of seizure and sale granted by a parish judge, in the absence from the parish of the district judge, on sufficient and authentic evidence is therefore obligatory and binding upon the parties in interest.

APPEAL from the Seventh Judicial District Court, parish of Avoyelles. *J. M. Edwards*, Parish Judge. *Irion & Thorpe*, for plaintiff and appellee. *Edwards & Ducoté*, for defendant and appellant.

WYLY, J. On seventh June, 1869, the plaintiff sold to ·François Bettevy a tract of land in the parish of Avoyelles for $3680, evidenced by the promissory note of the latter payable on first January, 1871, secured by special mortgage on the property.

Subsequently the purchaser sold part of the land to the defendant, Jerome J. Ducoté, and as part of the price he assumed to pay $2000 on the note for $3680 held by the original vendor, the plaintiff, and in order to secure the punctual payment of the same the defendant specially mortgaged and hypothecated the property which he purchased.

On the latter mortgage the plaintiff sued out an order of seizure and sale.

From this the defendant appeals, and contends that the order should be set aside for the following reasons:

*First*—The order of seizure and sale was not justified by the evidence accompanying the petition.

*Second*—The property really affected by the mortgage is held by Bettevy the vendor of the appellant.

*Third*—That the parish judge could not issue the order of seizure in the absence of the district judge, because the law authorizing it is unconstitutional, being violative of article 87 of the constitution.

We find that the note and an authenticated copy of the act of mortgage given by Bettevy, and also a certified copy of the act of mortgage given by the defendant were attached to the petition. The judge

therefore had authentic evidence of the debt of $2000 assumed by the defendant, and also of the mortgage which he had given on the property purchased to secure the payment of the same.

There was sufficient evidence to justify the order.

If the defendant does not own the property proceeded against he has no right to complain.

As to the constitutionality of the act authorizing the parish judge to grant orders of seizure and sale in the absence of the district judge, we will remark that, in our opinion, the statute is constitutional.

Article 91 of the constitution declares that: " The General Assembly shall have power to vest in the parish judges the right to grant such orders and do such acts as may be deemed necessary for the furtherance of the administration of justice; and in all cases the power thus granted shall be specified and determined."

Judgment affirmed.